UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-10110-CIV-GOODMAN
[CONSENT CASE]

ELIZABETH MARQUARDT,

    Plaintiff,

v.

OCEAN REEF COMMUNITY ASSOCIATION, et al.,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "RENEWED" MOTION IN LIMINE TO EXCLUDE "METOO" EVIDENCE

In this gender discrimination and civil rights lawsuit, Defendants Ocean Reef Community Association and David Ritz seek to preclude Plaintiff Elizabeth Marquardt from introducing evidence at trial that David Ritz allegedly harassed another female employee, LeeAnne Yule. [ECF No. 187]. Defendants argue that this "MeToo" evidence is irrelevant and unfairly prejudicial. *Id.* Plaintiff responds that Defendants' Motion is untimely and an unabashed attempt to relitigate matters already addressed by the Court. [ECF No. 190].

For the reasons discussed below, the Undersigned **grants in small part** and **denies in part** Defendants' Motion.

When the case was assigned to now-Chief United States District Judge Cecelia M. Altonaga, Defendants and Plaintiff each previously filed their own motions in limine. [ECF Nos. 101; 102]. Defendants' motion in limine sought, in part, to exclude any "MeToo" evidence from trial. [ECF No. 101]. Judge Altonaga issued substantive rulings on both motions in limine [ECF Nos. 120; 140] and on Defendants' pending summary judgment motion [ECF No. 121].

Following these rulings, the parties consented to the Undersigned's jurisdiction [ECF No. 138], and Judge Altonaga referred the case to the Undersigned for all future proceedings, including trial. [ECF No. 139]. Following this referral, the Undersigned entered a Trial Scheduling Order, setting a new trial date along with new deadlines. [ECF No. 152]. Due to scheduling issues related to the COVID-19 pandemic, additional Trial Scheduling Orders, containing additional deadlines and instructions, were entered. [ECF Nos 158; 184].

As permitted by the operative Trial Scheduling Order, Defendants filed this "renewed" motion in limine to exclude "MeToo" evidence. [ECF No. 187]. Plaintiff filed a response. [ECF No. 190]. Defendants did not file an optional reply and the time to do so has passed.

Plaintiff argues that Defendants' motion should be denied as untimely. In support, she quotes the Undersigned's warning from the operative Trial Scheduling Order that

the parties would face an uphill battle to convince the Undersigned to consider any motion in limine on the merits. However, as Defendants argue in their initial motion, the Undersigned's two earlier orders allowed motions in limine to be filed up to 45 days before trial. *See* [ECF Nos. 152; 158]. Because these prior deadlines never lapsed -- owing to the trial date twice being rescheduled due to COVID -- the principles of equity support considering Defendants' Motion on the merits.

Although Defendants characterize their motion as a "renewed" motion, it is more appropriately considered as a motion for reconsideration. As justification for revisiting their argument against the admission of "MeToo" evidence, Defendants direct the court to two salient considerations: (1) Ms. Yule has given a deposition since the original ruling was announced; and (2) the issues have been narrowed since the Court's ruling by way of the Court's Order on Defendants' summary judgment motion.

On the first point, Defendants title one of their sections "The Trial Court Has the Discretion to Revisit an *In Limine* Ruling If the Actual Testimony Differs from What is Contained in the Proffer." [ECF No. 187]. However, despite the title's allusion to changed testimony, Defendants fail to point to any material differences between Ms. Yules' declaration and complaint and the testimony she gave during her deposition. Thus, this is not a sufficient reason to justify revisiting the Court's earlier ruling.

On the second point, Defendants argue that "it is now clear which claims will be tried. At the time of the ruling on the original Motion in Limine, the Court had not yet ruled on the summary judgment motion." *Id.* They then cite *Whidden v. Roberts*, 334 F.R.D. 321 (N.D. Fla. 2020) for the proposition that "courts asked to address motions in limine sometimes are handicapped in any effort to rule on subtle evidentiary questions outside of a factual context. This is particularly true in cases involving multiple claims, some of which might not survive a motion to dismiss or a motion for summary judgment." *Id.* (alterations made for clarity).

This argument is misleading because it implies that the Court was unaware of its summary judgment ruling when it ruled on Defendants' earlier motion in limine. The following exchange between defense counsel and Judge Altonaga demonstrates why this is not true:

> [Defendants]: . . .To go to the first one, which is a Leeanne Yule, again, Your Honor, the case -- the 11th Circuit has been very clear on this issue. When you have a hostile work environment, which Ms. Marquardt has raised a hostile work environment --
>
> THE COURT: Can I stop you there for one minute. And I apologize because ideally I would have had my order on the summary judgment motion before this hearing, but it's about to come out, and you are not going to be looking at the hostile work environment claim. That one is going to go away as is Count 4, constructive discharge.

[ECF No. 140, p. 27:1-10]. This exchange reveals that there is no post-ruling, newfound clarity concerning Plaintiff's claims and no basis to revisit the issue on this ground.

4

At bottom, Defendants have failed to present any factual or legal developments which justify revisiting the Court's prior ruling on the admissibility of the "MeToo" evidence. Despite this, however, Defendants are entitled to some, minimal relief. Under Federal Rule of Evidence 403, Plaintiff may not admit the actual nude photos of Yule (or any promiscuous photos/videos) as unfairly prejudicial. It will be sufficient for Yule to testify that the events occurred and that the images/videos were posted on the internet. Additionally, based on Plaintiff's stipulation, she may not introduce evidence of the settlement between Yule and Ritz.

For these reasons, Defendants' renewed motion in limine is **granted in small part** and **denied in part**. Plaintiff may not introduce actual sexually explicit photos/videos of Yule, nor may she introduce evidence of the settlement between Yule and Ritz. Defendants' motion is **denied** in all other respects.

**DONE and ORDERED** in Chambers, in Miami, Florida, on July 18, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record